DOWNES v. ELMIRA BRIDGE CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. NEGLIGENCE—WILLFUL OR WANTON INJURY—MATERIALITY OF ISSUE—LAW OF CASE.

Under a holding, on appeal in an action for personal injuries, that defendant only owed plaintiff the duty of abstention from willful or wanton injury, the question, on second trial, of whether or not defendant was guilty of negligence, is immaterial, and need not be submitted to the jury.

Appeal from Special Term, Kings County.

Action by William H. Downes against the Elmira Bridge Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Edward J. McCrossin, for appellant.
Richard Reid Rogers, for respondent.

HIRSCHBERG, J. The law governing this case was established on the first appeal. Downes v. Elmira Bridge Co., 41 App. Div. 339, 58 N. Y. Supp. 628. A judgment recovered by the plaintiff was then reversed on the ground that the relation between the parties was such that during the period of repair and reconstruction on the wharf where the accident occurred the defendant owed the plaintiff only the duty of abstention from wanton and willful injury. Nothing developed upon the second trial serves to distinguish the case from that which was first presented, or to permit the application of any principle which enjoins a higher duty than that heretofore announced as the limit of the defendant's obligation. The learned counsel for the appellant contends that the evidence now tends to prove that the girder which occasioned the plaintiff's injury was not being moved in the ordinary and usual manner, and that the deviation was sufficient to require a submission to the jury of the question of the defendant's negligence. Whether the contention is well founded in the facts need not be considered, since it must be deemed wholly immaterial under the ruling that the defendant is not liable, under the circumstances, for the consequences of mere carelessness.

It is claimed further that the portion of the wharf where the accident occurred was at the time fully restored to public use, and that the right to such use should not, therefore, be deemed to have been interrupted by the work which was still in progress. The process of the work, however, was obvious. It included the movement of the girder in question at the very place where the accident occurred. The plaintiff was familiar with the conditions and surroundings, whatever they were, or, as was said upon the former appeal (page 344, 41 App. Div., and page 632, 58 N. Y. Supp.), he "ought to have been," and must be deemed under the authority of the previous decision to have assumed the risks incident to the situation. As this court has held that under substantially the same state of facts as are disclosed by this record the trial court should have directed

a verdict in favor of the defendant, the judgment dismissing the complaint must be affirmed.

· Judgment affirmed, with costs.  All concur