ALFRED ROSE, ADMINISTRATOR AD PROSEQUENDUM OF LENA ROSE, DECEASED, PLAINTIFF, v. HARRY H. SQUIRES AND SAMUEL J. CAMPBELL, DEFENDANTS.

ANNA ROSE, PLAINTIFF, v. SAME.

Submitted October 30, 1924—Decided May 13, 1925.

1. Where two or more defendants are sued as joint tort-feasors, and a nonsuit is directed as to one of them, such nonsuit, even if erroneous as to the plaintiff, is not such error as may be invoked by the other defendants for a reversal.
2. The duty of the operator of a vehicle toward a person riding therein as a trespasser or a mere licensee is only to abstain from acts willfully injurious, and mere fast and reckless driving is not within that class of acts, unless the evidence shows that it was done with an intent that injury result.

On appeals of defendant Campbell from judgments entered in Monmouth Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *Mark Townsend, Jr.*

For the plaintiffs, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

PARKER, J. Lena Rose, the plaintiff's intestate in one of these cases, and Anna Rose, the plaintiff in the other, were passengers in an automobile driven by the defendant Campbell when it came into collision with another automobile driven by the other defendant Squires, which came out of a side street. As a result of the collision Campbell's automobile ran into a tree. Anna Rose was severely, and Lena Rose fatally, injured. The cases were tried together, and, after the plaintiffs had rested, the trial court directed nonsuits as to defendant Squires, but submitted the cases to the jury as against defend-

ant Campbell, and each plaintiff had a verdict and judgment, which are before us on these appeals.

Only two points are argued—the nonsuits as to Squires and exceptions to the charge of the court.

As to the nonsuits ordered in favor of Squires, it is settled law that Campbell, the other defendant, is not legally aggrieved. The plaintiffs might complain, but where two defendants are charged as joint tort-feasors, and one is discharged, even if erroneously, the other is not entitled to urge the error, the question being whether he himself is liable and not whether the other defendant is. So that plaintiff could have sued either defendant separately, omitting the other. *Newman* v. *Fowler,* 37 *N. J. L.* 89; *Matthews* v. *Delaware, Lackawanna and Western Railroad Co.,* 56 *Id.* 34; *Whalen* v. *Pennsylvania Railroad Co.,* 73 *Id.* 192.

We take up, then, the alleged error in the charge.

It was a disputed question of fact at the trial whether the two Rose women were in Campbell's car by his invitation, or at their own solicitation. In the former alternative he would, of course, owe them a duty of reasonable care; in the latter he owed them no duty except to abstain from acts willfully injurious. *Faggioni* v. *Weiss,* 99 *N. J. L.* 157. The trial judge charged properly on the measure of duty arising out of invitation, and no complaint is made of his instructions in that regard. But when he took up the other branch of the case, *i. e.,* the theory that the jury might find that the two passengers were mere licensees, he fell into error. In that aspect he told the jury to consider whether plaintiffs had shown that the injuries complained of were the natural and proximate cause (*sic*) of willful conduct of defendant Campbell; that plaintiff's testimony tended to establish that Campbell was driving at excessive speed, perhaps as high as forty-five miles an hour, regardless of the approach of the other car out of the side street, and in trying to avoid collision lost control of his car and ran into the tree, and said that, if that were true, they might "conclude that that was reckless conduct of so gross a character as to charge Campbell with willful conduct and bringing it within the class of negligence, charging liability

where the relation of licensee appears, if it does." Further on he charged: "But, finally, in discussing this phase of the case, if you find that they were licensees, and that he was guilty of the willful negligence to which I have referred, and which I may supplement with this observation as to willfulness; that a thing is so done recklessly with intent and without just cause or excuse. In other words, to apply it, if Mr. Campbell was driving his car at forty-five miles an hour as he was passing the junction of Lincoln avenue, without his car being in control, such as a reasonable man would have it in control, and in spite of the fact, if you believe the testimony, that his attention was called to the rate of speed by one or the other of the occupants of the car, you will recall that testimony, then you may conclude that the alleged reckless driving was the result of an intent, and intent without just cause or excuse."

The necessary effect of this instruction seems to be that if the jury found Campbell guilty of gross negligence in driving, as it was claimed he did, they were at liberty to charge him with an act of willful injury if his passengers were hurt as a result of such negligence. But there is a substantial distinction between mere negligence, abeit gross, and willful injury. It was never suggested in the case that Campbell desired or attempted to hurt his passengers. It would never be claimed that he courted a collision hoping that they would be killed or injured. Familiar instances of willful injury in the old books are the setting of man traps or spring guns to prevent trespassing. They will serve to illustrate the distinction. Willful negligence is common enough; it is often called "taking a chance." But unless there be a positive intent to do injury to a licensee or trespasser, no legal duty is violated. Even in cases where the trespasser or licensee is the victim of a technical assault and battery, there may be no case for the jury, as in *Hoberg* v. *Collins, Lavery & Co.*, 80 *N. J. L.* 425, where a truck driver flicked his whip at a boy hanging on behind; and in *Flammer* v. *Morelli*, 100 *N. J. L.* 314, where the helper on an ice wagon tickled

the plaintiff so that, as claimed, he slipped on a piece of ice on the runboard in trying to escape the tickling.

There was nothing in the testimony to warrant the court in permitting the jury to infer malicious intent from the alleged reckless driving. The exception to this, though not quoting with precision the judge's language, we deem sufficient to have pointed out the error, which has been duly assigned, and requires a reversal of the judgment.