WILLIAM SOHN AND GERTRUDE SOHN, HIS WIFE, PLAIN-
TIFFS-RESPONDENTS, v. HARRY KATZ AND HERBERT
KATZ, DEFENDANTS-APPELLANTS.

Submitted October 27, 1933—Decided January 12, 1934.

For the plaintiffs-respondents, *Joseph T. Lieblich.*

For the defendants-appellants, *Mark Townsend, Jr.*

The opinion of the court was delivered by

CASE, J. This is an appeal by the defendants, Harry Katz
and Herbert Katz, father and son respectively, from a judg-
ment of the Supreme Court which affirmed a judgment
against them in the amount of $2,335.04 entered in the
Passaic County Common Pleas on a jury verdict. The action
grew out of personal injuries received by William Sohn on
September 9th, 1931, in falling from a ladder which had been
struck by the Katz family automobile, owned by Harry and
driven by Herbert.

The Katz residence was owned by Rose Katz, wife of
Harry and mother of Herbert, but not herself a party to the
action. The family lived in usual intimate domestic relations
and all occupied the property as a home to the exclusion, so

far as appears, of all other persons, except a maid. The lot was narrow, and if the automobile was driven forward into the garage, as it had been preceding the accident, access again to the street could be had only by backing. The son had accasion to take out the car, first to go on an errand of his own and then, in accordance with instructions given by his mother, to meet his father at the railroad station. Sohn, a house painter, was engaged in painting the house on the neighboring lot and had placed the base of his ladder on the Katz lands inside the boundary hedge and on a grassed space near the concreted drive. As Herbert was backing towards the street the rear of the car hit the ladder, causing Sohn to fall and to receive the injuries sued upon.

The complaint was grounded in gross, willful and malicious negligence, and the trial proceeded on that theory until the taking of the testimony had been completed. At the close of plaintiffs' case defendants had moved, and been refused, a nonsuit. At the close of the entire case defendants moved for a direction of verdict. The trial court considered that the proofs did not sustain the complaint and, in effect, granted the motion as directed toward the pleadings as they then were, but, of its own motion, ordered that the pleadings be amended so that the complaint would charge the defendants with the duty of using reasonable care towards the plaintiff as a licensee and the answer would deny negligence and set up as a defense that the defendants owed plaintiff no duty except to refrain from willful and wanton injury. No new or amended pleadings were actually submitted or filed. The court assumed, however, that the pleadings had been amended in accordance with its instructions and charged the jury upon the basis of the proofs already taken and the pleadings as amended.

In so ruling the court held that Herbert Katz was, at the time of the accident, acting in and about the business of his father; that the father, though the husband of Rose Katz, did not occupy the same status as the wife and that while Mrs. Katz, as owner of the property, would have been liable only for willful and wanton acts, of which (so held) there

was no evidence in the case, the husband was nevertheless under the duty of exercising reasonable care toward Sohn whether the latter was a trespasser or a licensee. The same legal concept was more succinctly stated in the charge as follows:

"If he [viz., the plaintiff Sohn] came upon the premises without the consent or permission of the owner, he was a trespasser—if he came upon the premises at his request and with the permission of the owner, he was a licensee, and in this case, it makes no difference whether he was a trespasser or a licensee, and I charge you as a matter of law, that the defendants, Harry and Herbert Katz, not being the owners of the property, owed him at this time and place in question, the duty of exercising reasonable care."

The case went to the jury on the further theory expressly charged by the court that "the son was the servant of the father who was the master * * *," and that Herbert Katz and Harry Katz were "the same in contemplation of law in this case." Therefore any liability of Herbert independent of the relationship of servant to his father was not before the jury and is not now in question.

Respondents now come forward with a form of amended complaint that they ask to have incorporated in the record. That request can scarcely be granted, nor indeed need it be. For the purposes of the appeal we shall assume that the pleadings were amended in the manner and to the extent directed by the trial court. Respondents also argue that the defendant Herbert Katz was guilty of gross negligence; but the jury was not permitted to consider the case on that theory, and a verdict erroneous on the theory adopted in the trial court cannot be sustained on a theory excluded in that court and which the jury had no opportunity to consider. *Flammer* v. *Morelli,* 100 *N. J. L.* 314. The substantial question, amply saved by exceptions, is whether the court, in its rulings and charge, was correct in the legal proposition that Harry Katz was under the duty to exercise reasonable care towards Sohn, at best a mere licensee; for the entire case, as it went to the jury, was bound to that concept.

The general rule with regard to the duty which a land-owner owes to persons coming upon his premises is that where the entry is made by his invitation, either express or implied, he is required to use reasonable care to have his premises in a safe condition; but that where the entry is made merely by his permission (and, *a fortiori,* where it is an actual trespass) the landowner is under no obligation to keep his premises in a non-hazardous state; his only duty to a licensee or a trespasser is to abstain from acts willfully injurious. *Delaware, Lackawanna and Western Railroad Co.* v. *Reich,* 61 *N. J. L.* 635 (at *p.* 643); *Phillips* v. *Library Co.,* 55 *N. J. L.* 307. The duty of an owner, as thus stated, towards a trespasser or licensee applies also to personal property, as, for instance, to horsedrawn trucks (*Hoberg* v. *Collins,* 80 *Id.* 425), and to automobiles (*Faggioni* v. *Weiss,* 99 *Id.* 157).

While the cases have been concerned chiefly with the liability of the owner, whether of real estate or of personal property, the principle has been applid to one who stands in the place of, or under the right of, the owner and, in some jurisdictions, quite broadly to one who is in the lawful exercise of a right superior to that of the trespasser or the licensee. 45 *C. J.* 787 states that "ownership of the property trespassed upon is not an absolute test, for the rule of non-liability may be successfully invoked by one who, although not the owner of the property on which the injury occurred, had rights therein superior to those of the trespasser who was injured * * *." In *McManus* v. *Thing,* 194 *Mass.* 362; 80 *N. E. Rep.* 487, where, by arrangement, no one of the various occupants of a building had the right to use a certain elevator while it was being used by another of them, and plaintiff, being a servant of one of the occupants, went upon the elevator contrary to the agreement, it was held that such plaintiff was, as to the occupant using the elevator, a trespasser or a licensee and that the one using the elevator was not liable to the plaintiff for the negligence of the user's servant in operating the elevator unless that servant acted willfully or with such reckless wantonness as to amount to willful wrong. In *Dudley* v. *Northampton Street Railway Co.,* 202 *Mass.*

443; 89 *N. E. Rep.* 25, it was held that where one not licensed to drive an automobile on the highway undertook, in violation of the laws of the commonwealth, to do so, he became a trespasser as to persons lawfully using the highway and the latter owed him only the duty they would owe to any trespasser on their property, namely, to abstain from injuring him by wantonness or gross negligence. In our own Supreme Court the case of *Rose* v. *Squires,* 101 *N. J. L.* 438, turned on the liability owing to a licensee passenger by the defendant driver of an automobile (ownership not mentioned), and it was held that the defendant was under no duty except to abstain from acts willfully injurious. The conflicting views expressed by the members of the Court of Errors and Appeals (102 *Id.* 449), on affirming the judgment of the Supreme Court do not disturb the principle just stated, as is further evinced by the approving citation in *Sullivan* v. *Delaware, Lackawanna and Western Railroad Co.,* 105 *Id.* 450, 455, a unanimous Court of Errors and Appeals decision. This court, in *Faggioni* v. *Weiss, supra,* said: "We hold, therefore, that the driver of a private vehicle owes no duty to a trespasser or mere licensee thereon, except to abstain from acts willfully injurious; * * *." The opinion in *Fleckenstein* v. *Great Atlantic and Pacific Tea Co.,* 91 *Id.* 145, does not disclose whether the defendant was owner or lessee; but the reasoning treats the defendant as a merchant, and the holding that the plaintiff was in the defendant's store as a licensee and could therefore charge the defendant with no greater duty than to abstain from acts willfully injurious is at least in line with the theory that one who has the right of occupancy is under no greater duty than the owner. In *Friedman* v. *Snare & Triest Co.,* 71 *Id.* 605, the sole defendant was a construction corporation engaged in building operations for Colgate & Company, the owners and occupants of the building and premises. It was held that the defendant, whose employes were charged with improperly placing and piling iron girders upon the sidewalk of the street adjacent to the building, stood as an agent in the rights of the owners and occupants of the premises. Where trespassers or licensees are parties plaintiff

in negligence suits, we may not narrowly limit the application of the rule under discussion to such defendants as are the actual owners of the property involved.

The husband is the head of the family, in duty bound to support his wife and children and furnish them a suitable home or house in which to reside. The fact that the title to the property where the home in maintained is in the wife does not indicate that the husband is remiss in any of his marital duties or that any of his correlative rights have been relinquished. He is an occupant of the property in a sense that is none the less real because his occupancy coincides with that of his wife and is entirely subordinate to her title and possession. We find no self-contradiction in the thought that the husband, as an incident to the marriage relation, is, as to those of lesser right, an occupant of the family residence property the title to and the possession of which is, and remains unimpaired, in the wife. That the domestic relationship may be severed, or that the wife may, by asserting her title and superior right of possession, terminate the husband's right of occupancy is not controlling, or indeed of bearing. The significant fact, in the case at bar, is that there had been no such severance or termination, and that the intimacies and closely intermingled rights and duties of married life continued. Inconsistency would, we think, be strikingly apparent if the rights and liabilities of a husband in and about the residence were held to be of a kind with those of a mere licensee; one of the respondents' arguments being that the husband is himself a licensee and within the rule stated in *Duel* v. *Mansfield Plumbing Co.*, 86 *N. J. L.* 582. There is still much truth in the observation by Chancellor Green in *Vreeland* v. *Vreeland's Administrator*, 16 *N. J. Eq.* 512, 524, that "the nature of the relation [viz., between husband and wife] is such, that while it continues, neither can ordinarily have a sole and exclusive enjoyment of their individual property. If the wife's property consists of land and she lives upon it, the husband may enjoy it jointly with her. If of chattels in her possession, the husband may use them. The legal relation of husband and wife is so intimate that it neces-

sarily involves, to some extent, a common use of their individual property. It was not intended that the statute for the better securing the property of the wife should impair the intimacy and unity of the marriage relation."

The respondents would limit the application of the rule to instances of passive negligence and apply the broader liability of "reasonable care" to cases where active negligence is charged; but this runs contrary to our cases. *Sullivan* v. *Delaware, Lackawanna and Western Railroad Co., supra; Faggioni* v. *Weiss, supra; Rose* v. *Squires, supra; Hoberg* v. *Collins, supra.*

*Van Winkle* v. *American Steam Boiler Co.,* 52 *N. J. L.* 240, was on a claim by the plaintiff for damage to his mill property caused by the explosion, on the property of an adjoining owner, of a steam boiler the condition of which was chargeable against the defendant. The decision, finding that the defendant was so chargeable and therefore was under the duty of exercising care and skill, was grounded upon two legal principles. One was a restricted development of the doctrine that "where a person brings upon his land some dangerous thing, such as fire or water, or a dangerous animal * * * he is bound * * * to keep it at home at his peril." The other was that where a person undertakes the performance of an act which, if not done with care and skill, will be highly dangerous to the persons or lives of one or more persons, known or unknown, the law, *ipso facto,* imposes as a public duty the obligation to exercise such care and skill; and this, in turn, was on the theory that one who, by his neglect in doing an act, which, if carelessly done, threatens, in a high degree one or more persons with death or great bodily harm causes a fatality, thereby commits an indictable crime, and that, in reason, if by the negligent performance of such an act he inflicts particular damage upon individuals, he should be liable to a private action. We have a line of cases which have to do with personal injuries or death caused by electric current, and among them are *Guinn* v. *Delaware and Atlantic Telephone Co.,* 72 *Id.* 276; *Barnett* v. *Atlantic City Electric Co.,* 87 *Id.* 29, and *McGinnis* v. *Delaware,*

*Lackawanna and Western Railroad,* 98 *Id.* 160, all depending in large part upon the holding in Van Winkle *v.* American Steam Boiler Co. Respondents argue that these decisions apply to and control the present issue. We think not. Our finding that the husband is an occupant places him, in so far as concerns liability to trespassers and licensees, within the "owner" rule stated in *Delaware, Lackawanna and Western Railroad Co.* v. *Reich, supra,* and *Phillips* v. *Library Co., supra.* His beneficial use was of the entire property including the *locus* of plaintiff's accident. The case is clearly not within the first theory, mentioned above, of the Van Winkle *v.* American Steam Boiler Co. opinion, and the issues upon which the instant case went to the jury remove it from the second. The electric current cases emphasize the limited right accorded one who is privileged to string wires upon the property of another, the deadly effect of the current, the obligation to use reasonable care to confine the current to the wire where, only, it may properly be and the distinction between the right of merely stringing, maintaining or using wires, and the broader rights of one who stands as a landowner; *e. g., Barnett* v. *Atlantic City Electric Co., supra* (plaintiff's decedent having been killed by contact with a metal pipe charged with electricity which had escaped from defendant's wires) : "The only right the defendant electric company had in the tower of the city hall was a right to place its wires and lamps in the tower. It was entitled to occupy no more space for that purpose than was necessary for the lamps and wires and any devices used to maintain the wires in a safe condition. It had no right or permission to occupy the whole of the tower. The liability of the defendant, if such there be, rests upon the fact that it was maintaining in a negligent and unsafe condition wires which were charged with a deadly current of electricity." *Guinn* v. *Delaware and Atlantic Telephone Co., supra:* "It was probable that if the guy wire broke someone crossing the field would come in contact with it. * * * The case differs from one where a trespasser or licensee seeks to recover of the landowner. A landowner may in fact reasonably anticipate an invasion of his property, but

in law he is entitled to assume that he will not be interfered with. His right to protect his possession and to use his property is paramount. * * * The exemption of the landowner * * * is necessary to secure him the beneficial use of his land, but no reason exists for extending this exemption to the case where the rights of the defendant have not been interfered with. * * * Whoever interfered with the pole and wire in place might be a trespasser, but he would not be a trespasser upon the defendant's rights if he came in contact with the wire elsewhere." *McGinnis* v. *Delaware, Lackawanna and Western Railroad Co., supra* (where plaintiff's decedent had been killed by contact with a charged wire strung across the public highway) : "The general rule is that it is the duty of a corporation that maintains and controls wires charged with a deadly current of electricity in a place where there is likelihood of human contact therewith, to use reasonable care to maintain proper insulation of such current, and this involves reasonable care in inspection for the discovery of possible impairment or defects."

The duty, and the only duty, of Harry Katz, the owner's husband, as occupant of the property, towards Sohn, a mere licensee, was to abstain from acts willfully injurious. The learned trial court misconceived the pertinent legal principle.

The judgment below will be reversed to the end that a *venire de novo* may be awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 14.