## ROSSIAKI v WEST SIDE MOTORS, Inc et

Ohio Appeals, 2nd Dist, Franklin Co

No 2472. Decided March 1, 1935

J. H. Arnold, Columbus, W. E. Bigony, Columbus, and H. M. Snyder, Columbus, for plaintiff in error.

B. W. Gearhart, Columbus, for West Side Motors, Inc.

Chapin Beem, Columbus, for Almira Co.

## OPINION

By HORNBECK, J.

Rossiaki was a licensee on the vacant lot where the explosion occurred, it appearing that the lot was regularly used by pedestrians and by youngsters as a playground, and it must be assumed with the knowledge and passive permission of the owner of the lot. The lot was somewhat overgrown with weeds although it is probable that the automobile hulk was in plain view of Steve at and immediately prior to the time that the explosion occurred. The throwing of a lighted match or a lighted cigarette or cigar stump into proximity to the automobile tank was not an unusual or unexpected act. It is clearly inferable that vapor emanated from the gasoline in the tank on the automobile hulk on the day of the explosion, and that a burning match lighted within a few feet of the tank would have caused the explosion as it occurred. Upon these facts it is urged that the trial court erred in directing a verdict for the defendants and in entering judgment thereon. The doctrine of the turntable cases is not given application in the law of Ohio. **Hannan, Admr. v Ehrlick, 102 Oh St, 176.** The obligation of an owner to a licensee is not to wilfully injure him and to exercise ordinary care toward him upon discovery of his peril.

The Supreme Court has progressively been more strict in the application of this rule. The case best known to this court because we had reversed a judgment of the trial court in favor of the defendant below, is **Sharp R. R. Co. v Forsha, 122 Oh St, 368.** This was a case where a child, in walking along a public alley, upon which a building abutted and in which there was an open elevator shaft, being attracted by the condition, walked about the edge of the elevator shaft and fell in, resulting in serious injuries, which afterwards caused his death. The court restates the principle and says:

"It must be conceded that the child had no mission upon the premises in question. We think, however, in this state the duty of the owner of the premises was no more than not to wantonly injure the child or to expose him to hidden dangers, traps or pitfalls and to exercise ordinary care toward him after discovering him to be in peril."

It would not seem to do violence to the facts in this case for the court to have found that Forsha was exposed to a hidden danger or trap because it was only after he had gotten into a position of imminent peril that the open elevator shaft was within his view.

If the court in the Forsha case would not apply the rule which requires the owner not to expose a trespasser to hidden dangers, traps or pitfalls, we can not conceive that it would apply the rule in favor of the plaintiff in the instant case.

Another case supporting the action of the trial court is **Case, Administrator v Miami Chevrolet Company, 38 Oh Ap, 41,** which, however, is not as strong a case for the plaintiff as the instant action.

We have given some thought to the query whether or not the West Side Motors Company owed any other or different duty toward plaintiff's decedent than the owner of the premises inasmuch as it was in the status of a trespasser on the vacant lot. We have concluded that the obligation of the company was no higher nor greater than the obligation of the owner of the lot, although no cases are cited and we have found none paralleling the facts upon which the question arises in this case. The facts out of which this action arose were most tragic, and if the cause of action were instituted in many states of the Union there would be no doubt about the plaintiff's right to go to a jury. In Ohio, the law as it now has been determined is against the plaintiff. The trial court was correct in its interpretation of the law and in directing the verdict for the defendants. Judgment affirmed.

KUNKLE, PJ, and BARNES, J, concur.