REITA EGAN, BY HER NEXT FRIEND, INGER EGAN, AND INGER EGAN, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. LOUIS GEORGE LEVAY, JR., DEFENDANT-RESPONDENT.

Submitted May 2, 1939—Decided July 22, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiffs-appellants, *John E. Toolan.*

For the defendant-respondent, *John S. Stockel.*

The opinion of the court was delivered by

PORTER, J.  Miss Reita Egan, one of the plaintiffs-appellants, was painfully and permanently injured in an automobile accident and brought this suit for damages through her mother as her next friend, the mother joining individually.

She received her injuries while an occupant in an automobile owned by Joseph Gromack and driven by Louis George Levay, Jr., respondent, when it came into collision with an automobile owned and driven by Harold K. Hopkins on State Highway Route 6, in the borough of Fort Lee about five o'clock in the morning of November 22d, 1937, while en route from New York City to Perth Amboy.  The suit was against Gromack, Hopkins and Levay.  It was tried in the Middlesex County Court of Common Pleas.

At the conclusion of the plaintiffs' case the trial court granted Hopkins' motion for a nonsuit based upon the evidence that he was driving at a reasonable speed on the right of the road and that the Levay car came directly across his path on its left side of the road, thus causing the collision. The trial court reserved decision on Bromack's motion for a nonsuit until the close of the defendants' case, when it was granted. It appeared that Gromack had lent his car to Levay who was not using it for any purpose of the owner. Levay's motion for a directed verdict in his favor was denied and the case submitted to the jury who returned a verdict of no cause of action in his favor.

The appeal is from that verdict grounded on the contention that the trial court fell into reversible error in his charge to the jury concerning what he said about Miss Egan's status in the car as to whether it was as an invitee or as a licensee as indicated by evidence of her conduct from the time she became an occupant in the car until the time of the accident; and that this comment of the court was on evidence of her conduct which was immaterial and irrelevant on the issue of invitee or licensee.

For present purposes the only facts which need be adverted to are those which have to do with the status of Miss Egan with the respondent on the night in question. Levay had borrowed Gromack's automobile to take Gromack's daughter for a pleasure trip. The couple went to a yacht club in Perth Amboy, where they resided, and late in the evening decided to go to the Astor bar in New York City. Levay invited two young men at the yacht club to accompany them. Miss Egan and her companion, Miss Throwbridge, were with the young men at the time. The invitation was declined. Miss Egan and Miss Throwbridge accompanied Levay and Miss Gromack to the Astor bar, but there is a sharp dispute between the parties as to whether Levay invited them, as they say, or whether they asked to be taken, as Levay and Miss Gromack say. The court allowed testimony, which was not objected to, concerning the conduct of the parties during the evening, for the purpose of establishing the status of the parties. It developed that they arrived at the Astor bar about twelve-

forty-five A. M. When they reached the Astor bar Miss Egan and Miss Throwbridge left the immediate presence of Levay and Miss Gromack, who remained together, and made the acquaintance of two young men with whom they danced and had refreshments. When they left the Astor bar Miss Egan told Levay that they were going to Childs restaurant and asked him and his friend to accompany them. They all went to Childs and again separated. After one dance the place closed and they all left. It was then about two-forty-five A. M. and Levay wished to go home and so informed Miss Egan and Miss Throwbridge. The escorts of the latter, however, suggested going to a "jitter bug" party in the Bronx and Levay consented to drive the party there. The young men directed him as to the route and when they arrived at the house of the party they found that the party was over. At the suggestion of the young men they all then went to a restaurant where they had something to eat and Levay then started to drive his three companions home to Perth Amboy. He was directed by the young men to the George Washington bridge, near where they were, as his best route home. He was not familiar with the road.

It had been snowing for nearly an hour, the storm having started sometime after they had left Childs. It was a wet, sticky snow and about two inches had accumulated. A few miles after leaving the bridge, while in Fort Lee, the car skidded across the road into the path of the Hopkins car, colliding with it and resulting in the injuries appellant complains of.

The liability of respondent for appellant's injuries was a factual one for the consideration of the jury. The issue was two-fold. First, was there negligence on the part of respondent which was the proximate cause of the collision, and second, what was the status of the appellant at the time she was injured? Was she an invitee or a licensee? This latter question was the one most sharply disputed and the one most likely upon which the case was decided. If so, the verdict indicates that the jury decided that she was a licensee. If she was a licensee the verdict was a proper one since the party charged under the circumstances is liable only for willful or

wanton negligence and in the record there is neither charge nor proof that there was either willful or wanton negligence.

As before observed, the testimony of the four who constituted the group that went from Perth Amboy to New York and were involved in the accident was sharply at variance as to whether the appellant had been invited or had asked to be taken on the trip. That being so, we think the testimony was relevant and material with respect to her conduct during the night; whether or not she paid part of the expense of the trip; her acts at the places of entertainment; and the circumstances of the trip home, preceded by the excursion to the Bronx, all threw light on the question of whether she was invited by respondent and therefore his guest, or whether she had asked to be taken and was on her own, not as his guest but as a licensee.

The trial court in his charge to the jury characterized the conduct of appellant in New York as "significant" on the question of whether or not she was a guest of respondent. His recital of the testimony was accurate and full and he admonished the jury to depend on its recollections of the testimony, rather than on his, and to place its own interpretation on it. Taking the charge as a whole we fail to perceive any harmful error therein. It was within the discretion of the court to comment on the testimony and his speaking of this phase of it as "significant" was not an abuse of that discretion.

As was said by Mr. Justice Parker, speaking for the Court of Errors and Appeals in *State* v. *Overton*, 85 *N. J. L.* 287 (at *p.* 294) : "Counsel assert that 'a trial judge should not intimate any opinion upon the facts.' This rule does obtain in some jurisdictions, but it is not, and we think never has been, the rule in this state. On the contrary, it is always the right, and in many cases the duty, of the trial judge to express freely the impressions made on his mind by the evidence, thus giving the jury the benefit of his judicial experience, and suggesting to them points of weakness or strength that they might otherwise overlook, provided always the ultimate decision of disputed matters of fact is fairly left to them."

Finding no error, the judgment will be affirmed.