JOHN KELLIHER, Jr., BY HIS NEXT FRIEND, JOHN KEL-
LIHER, Sr., AND JOHN KELLIHER, Sr., INDIVIDUALLY,
PLAINTIFFS-RESPONDENTS, v. SOLVEIG BERG GRIER,
DEFENDANT-APPELLANT.

Submitted October 25, 1940—Decided February 4, 1941.

For the plaintiffs-respondents, *Hugh C. Spernow* (*Hun-
ziker & Hunziker,* of counsel).

For the defendant-appellant, *William W. Evans.*

The opinion of the court was delivered by

HAGUE, J. This is defendant's appeal from a judgment
recovered by the plaintiff, an infant, for personal injuries,
and by his father as next friend for his expenses arising
therefrom. The case was tried before. There were then
additional defendants. A jury verdict for the plaintiffs
against this defendant was set aside on rule to show cause.
The details of that trial and the subsequent happenings are
not important here. Since the last trial the defendant, Sol-
veig Berg, has been married and now appears under her
marriage name.

The appellant, a school pupil of seventeen years of age, at
the time in question, drove her automobile several blocks
from the school, during the noon recess, into the city of
Paterson for the purpose of getting her lunch at a local drug
store. While returning from lunch she stopped and took into
her car a group of girl-pupils who were walking back to
school. Several boys, including the infant plaintiff, upon
witnessing this occurrence, decided to join the girls and ran
out to the car and assumed various positions on the running-

boards. The evidence shows that the plaintiff John Kelliher, Jr., was told to get off the running-board, which he did, but later seated himself on the front bumper of the car. The car had only traveled a few yards when it ran into or was "side-swiped" by another car and the boy's leg was broken.

The grounds of appeal are two in number (1) refusal to nonsuit; (2) refusal to direct a verdict.

That the plaintiff John Kelliher, Jr., occupied no relationship to the defendant other than that of trespasser, or at best a licensee is clear. There was no evidence of this kind of negligence in the case. He had not been invited to get on the car by the defendant nor by anyone who was defendant's agent for that purpose. Some of the school girls already in the car called out to the boy, "hop on." That was the extent of the so-called invitation. There was no testimony from which a jury could legitimately infer that the "invitation" came from the defendant or had been given with her authority, express or implied. The defendant, it is argued, did not remonstrate against plaintiff's sitting on the bumper, but that fact would not convert the status of the plaintiff into that of an invitee.

We do not think the facts sufficient to bring the matter within the rule of *Myers* v. *Sauer,* 117 *N. J. L.* 144, wherein the status of plaintiff was held to be a fact issue. Compare, also, *Myers* v. *Sauer,* 116 *Id.* 254.

Under the proofs in the case the plaintiff was not an invitee; he was at best a licensee; and there being no evidence of negligence that was willful or wanton on the part of the defendant, it was error not to have granted a nonsuit on defendant's motion. See *Faggioni* v. *Weiss,* 99 *N. J. L.* 157; *Lutvin* v. *Dopkus,* 94 *Id.* 64; *Danbeck* v. *New Jersey Traction Co.,* 57 *Id.* 463, and *Solomon* v. *Public Service Railway Co.,* 87 *Id.* 284.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Dear, Wells, WolfsKeil, Rafferty, Hague, JJ. 14.