This is a statutory action for damages arising from death by wrongful act. R.S. 2:47-1 et seq. A verdict was directed for defendant, and the plaintiff appeals.
Helen Tarasewicz, fifteen years old, was one of a group of girls, twelve or more in number, who were walking along a country road near Pemberton, going for a swim, when the defendant, whom most of them knew, came by in his five-passenger convertible automobile. They asked him to take them to the swimming pool, but he protested there were too many of them. So they coaxed him. "He said, `Well, if the rest of the kids get in the car.' We argued with him. We didn't want to ride in the car; we wanted to ride on the running boards, because it was a short distance." Finally he let them climb on. He had just started the car when the hat of one of the girls who was standing on a running board, blew off. She testified: "My hat blew off and my foot slipped and I jumped off." She stumbled, fell, and was knocked unconscious. Then Helen Tarasewicz "jumped to go for Buttsie because she saw her lying in the road." As a result, Helen received injuries that caused her death two days later.
Helen was not an invitee of defendant but was a mere licensee.Lutvin v. Dopkus, 94 N.J.L. 64 (Sup. Ct. 1920). The girls were permitted to ride on defendant's automobile only in response to their repeated requests. The rule was well established in New Jersey, at least until recently, that the driver of an automobile is under no duty to a licensee except to abstain from acts willfully injurious. Faggioni v. Weiss, 99 N.J.L. 157 (E. A. 1923); Flammer v. Morelli, 100 N.J.L. 314 (E. A.
1924). Then came Rose v. Squires, 101 N.J.L. 438; affirmed,sub. nom. Rose v. Campbell, 102 Id. 449 (1926), where the jury was charged *Page 401 
that they might return a verdict for the licensee if they found the defendant guilty of "willful negligence." The Supreme Court reversed in an opinion by the late Justice Parker, who wrote in part:
"The necessary effect of this instruction seems to be that if the jury found Campbell guilty of gross negligence in driving, as it was claimed he did, they were at liberty to charge him with an act of willful injury if his passengers were hurt as a result of such negligence. But there is a substantial distinction between mere negligence, albeit gross, and willful injury. It was never suggested in the case that Campbell desired or attempted to hurt his passengers. It would never be claimed that he courted a collision hoping that they would be killed or injured. Familiar instances of willful injury in the old books are the setting of man traps or spring guns to prevent trespassing. They will serve to illustrate the distinction. Willful negligence is common enough; it is often called `taking a chance.' But unless there be a positive intent to do injury to a licensee or trespasser, no legal duty is violated."
A divided Court of Errors and Appeals affirmed the Supreme Court. The three opinions filed all seem to weaken the necessity for proving intentional harm. However Sohn v. Katz,112 N.J.L. 106 (E. A. 1933), states that the Rose case had not disturbed the rule that the defendant was under no duty to a licensee except to abstain from acts willfully injurious. But inEgan v. Levay, 123 N.J.L. 14; affirmed, 124 Id. 125 (1939), it was said that the car operator is liable to a licensee "for willful or wanton negligence." Similar language appears inKelliher v. Grier, 126 N.J.L. 162 (E. A. 1940) andStruble v. Bell, 126 N.J.L. 168 (E. A. 1940). It is perhaps uncertain just what our former court of last resort intended by using the same expression that had been adjudged erroneous in the Rose case. For discussion of terms willful negligence and wanton negligence, see 38 Am. Juris.,Negligence, § 48. See also definition in our Workmen's Compensation Law, R.S. 34:15-36. In most jurisdictions, no distinction is made between invitees and licensees; the operator of a private motor vehicle is considered to owe to the licensee a duty of exercising ordinary care. 60 C.J.S. 1018. It is likely that the Court of Errors and Appeals intended to bring the New Jersey rule with *Page 402 
respect to licensees a little more in harmony with the rule applied in other states.
The plaintiff points out that the Traffic Act prohibited the girls from riding on the running boards. R.S. 39:4-69. She argues that defendant was aware that it was dangerous for them to ride there, and that when he started his automobile with Helen and the other girls on the running board, his conduct was "willfully negligent," and he is answerable for the consequences. The Supreme Court, in Rose v. Squires, supra, treated "willfully negligent" as the equivalent of "taking a chance." But some chances are better than others. In order to hold defendant liable in the absence of intentional injury, his conduct must have a reckless quality and the probability of serious consequences must be apparent. See opinion of Justice Kalisch inRose v. Campbell, supra, 102 N.J.L. at 461. In the present case there was no evidence from which the jury could have found that defendant was willfully or wantonly negligent. It was not proved that defendant drove rapidly with the girls on the running board. The contrary may be inferred from the facts that he had driven only a few yards and that Helen apparently thought she could jump safely to the ground. It is likely that no harm would have come to anyone if Buttsie had not lost her hat.
The reader of this opinion will have noted that the injury to plaintiff's intestate was not caused directly by defendant's driving his car while she was standing on the running board; she was not jostled or shaken to the ground, but voluntarily jumped in order to go to the aid of her friend. Whether defendant's acts were, in law, the proximate cause of her injury, we will not attempt to say. See 2 Rest., Torts, § 443; also Butler v.Jersey Coast News Co., 109 N.J.L. 255 (E. A. 1932). A large number of cases where one person was injured or killed while attempting to rescue another are summarized in19 A.L.R. 4 and 166 A.L.R. 752.
The judgment will be affirmed on the first ground discussed, namely, the absence of willful or wanton conduct or negligence. *Page 403