Hart, J.,
 

 dissenting. It seems to me that the finding and judgment in this case, as reflected by the majority opinion, are not in harmony with certain legal principles heretofore approved and followed with fair consistency by this court in other cases.
 

 
 *41
 
 As I view it, this situation results from a failure of the court in this case to determine whether the defendant’s liability or immunity from liability was the same as that of a,n occupier of land and whether plain.tiff was a trespasser, licensee, or invitee on the Solka premises.
 

 This court has heretofore consistently held that an occupier of land owes to a trespasser or a licensee, even though he be an infant, only the duty to refrain from wilfully or wantonly injuring him and to warn him of any hidden traps or pitfalls which he may encounter on the premises. 29 Ohio Jurisprudence, 441, 446, Sections 46, 50;
 
 Pittsburgh, Ft. W. & C. Ry. Co.
 
 v.
 
 Bingham, Admx.,
 
 29 Ohio St., 364, 23 Am. Rep., 751;
 
 Wheeling & Lake Erie Rd. Co.
 
 v.
 
 Harvey,
 
 77 Ohio St., 235, 83 N. E., 66,122 Am. St. Rep., 503, 19 L. R. A. (N. S.), 1136;
 
 Hannan, Admr.,
 
 v.
 
 Ehrlich,
 
 102 Ohio St., 176, 131 N. E., 504;
 
 Sharp Realty Co.
 
 v.
 
 Forsha, Jr., a Minor,
 
 122 Ohio St., 368, 171 N. E., 598;
 
 Soles, Admr.,
 
 v.
 
 Ohio Edison Co.,
 
 144 Ohio St., 373, 59 N. E. (2d), 138.
 

 1 am of the opinion that the defendant was a business visitor and, therefore, an invitee on the Solka premises. It stood, as to third persons who came upon the same premises, in the shoes of the occupier of the land and was entitled to the benefit of immunities from liability which an occupier of lands enjoys as against trespassers and licensees. The duty of a business visitor toward a trespasser or a licensee on the premises is to abstain from wilfully or wantonly injurying him. Although there are cases to the contrary, the prevailing rule seems to be that one, who, though not a permanent occupier of premises, is in the lawful exercise of a right upon the premises superior to that of a trespasser or licensee, has the same immunity from liability as the owner or occupier. 45 Corpus Juris, 787, Section 191.
 

 2 Restatement of Torts, 1022, Section 383, states the rule as follows:
 

 
 *42
 
 “One who does an act or carries on an activity upon land on behalf of the possessor thereof, is subject to the same liability, and enjoys the same immunity from liability, for bodily harm caused thereby to others within and outside the land as though he were the possessor of the land.”
 

 This rule was recently recognized and applied by this court as the basis for its decision in
 
 Soles, Admr.,
 
 v.
 
 Ohio Edison Co., supra,
 
 as the syllabus and opinion in that case clearly indicate.
 

 In the case of
 
 Friedman
 
 v.
 
 Snare & Triest Co.,
 
 71 N. J. Law, 605, 61 A., 401, 108 Am. St. Rep., 764, 70 L. R. A., 147, the sole defendant was a construction corporation engaged in building operations for the owners and occupants of the premises. It was held that the defendant whose employees were charged with improperly placing and piling iron girders on the sidewalk of the street adjacent to the building stood as an agent of, and had the same right as, the owners and occupants of the premises.
 

 In the case of
 
 Blackstone
 
 v.
 
 Chelmsford Fdy. Co.,
 
 170 Mass., 321, 49 N. E., 635, both a contractor, engaged in constructing iron corridors and an iron stairway in a hospital building, and his subcontractors were held entitled to the benefit of the rule, where a licensee —a fireman in the hospital’s employ — was injured in passing over a portion of the stairway which was not complete. The court stated that the duty which defendants owed to licensees was not to provide a safe and convenient place for travel, but to refrain from doing them any wilful injury and from setting traps for them.
 

 In the case of
 
 McIntyre
 
 v.
 
 Converse,
 
 238 Mass., 592, 131 N. E., 198, where a boy was injured while watching a contractor unload and drive on another’s premises piles for oil tank foundations, and where there was no inference of unlawfulness or wantonness on the part of the defendant, the court said:
 

 
 *43
 
 “As he [plaintiff] was a trespasser, or at best a mere licensee, the only duty which the defendants owed him was to abstain from any wilful, wanton or reckless conduct that was likely to injure him. Proof of negligence, or even gross negligence, on the part of the defendants’ employees would not entitle him. to recover in this action.”
 

 In the case of
 
 Downes v. Elmira Bridge Co.,
 
 58 N. Y. Supp., 628, a contractor, engaged in placing heavy building material on another’s land where a float bridge was being constructed, was held to be under no duty to take affirmative steps to guard from danger persons who trespassed on the premises or were there by sufferance; and such a person — a man taking an alternate route across the lot — was held to have only the right to be protected from wanton and wilful injury. Upon a later appeal (81 N. Y. Supp., 834), the judgment was affirmed, and, in affirming the latter judgment, the Court of Appeals (179 N. Y., 136, 71 N. E., 743) pointed out the absence of any wilful or wanton injury and stated that the defendant was clothed with the landowner’s rights, and that the plaintiff was using the premises by sufferance.
 

 The rule stated in the above-cited cases was likewise applied in the following cases:
 
 Soles, Admr.,
 
 v.
 
 Ohio Edison Co., supra; Robbins, Admr.,
 
 v.
 
 Athol Gas & Electric Co.,
 
 236 Mass., 387, 128 N. E., 417;
 
 Hafey, Admr.,
 
 v.
 
 Turners Falls Power & Electric Co.,
 
 240 Mass., 155, 133 N. E., 107;
 
 Sohn
 
 v.
 
 Katz,
 
 112 N. J. Law, 106, 169 A., 838;
 
 Waller
 
 v.
 
 Smith,
 
 116 Wash., 645, 200 P., 95;
 
 Davis, Admr.,
 
 v.
 
 Malvern L. & P. Co.,
 
 186 Iowa, 884, 173 N. W., 262;
 
 Grube
 
 v.
 
 Mayor of Baltimore,
 
 132 Md., 355, 103 A., 948, L. R. A. 1918 E, 1036.
 

 Cases to the contrary are
 
 Fitzpatrick
 
 v.
 
 Penfield,
 
 267 Pa., 564, 109 A., 653;
 
 Irwin Savings & Trust Co.
 
 v.
 
 Penn. Rd. Co.,
 
 349 Pa., 278, 37 A. (2d), 432;
 
 Reichvalder
 
 v.
 
 Borough of Taylor,
 
 322 Pa., 72, 185 A., 270.
 

 
 *44
 
 The majority opinion in the instant case says: “However, defendant was a business visitor for the purpose of putting gasoline into the Solka tanks and not in spilling it and leaving it in pools upon the ground, and when defendant negligently did that it exceeded its function as a business visitor and became liable to anyone injured as a direct and proximate result of its negligence.” No authority is cited for that statement and I am unable to concur in it. Defendant was invited on the Solka premises for the purpose of putting gasoline into the Solka tanks. The negligence of the defendant’s servant took place in the performance of what he had been invited on the premises to do, not in the performance of some other act which he might have been permitted to do or for the doing of which he had been given no permission. It is not claimed that defendant intentionally spilled the gasoline.
 

 In effect, the foregoing statement from the majority opinion recognizes the rule that the business invitee “is subject to the same liability, and enjoys the same immunity from liability * * * as though he were the possessor of the land,” but proclaims that the rule can never apply in a negligence case. This statement ignores the fact that this court did apply the rule in a negligence case, to wit,
 
 Soles, Admr.,
 
 v.
 
 Ohio Edison Co., supra.
 

 2 Restatement of Torts, 897, Section 332, defines a business visitor as follows:
 

 “A business visitor is a person who is invited or permitted to enter or remain on land in the possession-of another for a purpose directly or indirectly connected with business dealings between them.”
 

 In my opinion, the defendant was on the Solka premises as an invitee, an invitee being one on the premises occupied by another at the latter’s express invitation or upon invitation actual or constructive for a purpose which concerns the occupier of the land.
 
 Soles, Admr.,
 
 v.
 
 Ohio Edison Co., supra.
 

 
 *45
 
 Mere negligence, as distinguished from wilful and wanton misconduct, does not forfeit the immunity of an invitee of the occupier of the premises as is clearly shown by the authorities hereinbefore cited. In fact» where a business visitor has completed his business-visit and has left the premises, he is no longer liable-to the land occupier or to persons coming upon the-land with the consent of the land occupier for conditions which are visible or known to the land occupier or such visitors. Liability follows such business visit- or only when his visit has made the premises dangerous in a manner unlikely to be discovered by the land occupier or other persons lawfully upon the land.
 
 Burdick
 
 v.
 
 Cheadle,
 
 26 Ohio St., 393, 20 Am. Rep., 767; 2 Restatement of Torts, 1030, Section 385, and comment. This rule i¡3 particularly applicable to .repairmen, contractors and their employees, and merchant deliverymen who go upon the premises of another for a special purpose for a limited period of time.
 

 In the instant case, the driver of defendant’s gasoline truck, after the gasoline had been spilled on the ground and before he left the premises, brought the son of the absent land occupier, who, although then but 16 years of age, was in charge of the premises and handled the invoice and paid for the gasoline, to the place of the gasoline spillage and pointed out to him the condition of the premises at that time. At least there were no invisible or hidden dangers left on the premises by the defendant’s servant at the time he departed and at the time of the injury to the plaintiff. The occupier of the land was in sole charge and control thereof.
 

 On the other hand, in my opinion, the plaintiff, Theodore Mudrich, was a licensee on the Solka premises. In 29 Ohio Jurisprudence, 445, Section 49, a licensee is defined as follows: “A person who goes upon the lands of another by permission and acquiescence, for his own pleasure or convenience, and not by invita
 
 *46
 
 tion, is classed as a licensee.”
 

 This rule was expressly approved by this court in the case of
 
 Hannan, Admr.,
 
 v.
 
 Ehrlich, supra.
 
 And the rule of liability as to a licensee is that he takes his license subject to all the perils and risks, and the licensor owes him no duty except to refrain from wilfully or wantonly injuring him and to exercise ordinary care toward him after discovering him to be in peril. See, also, 58 Yale Law Journal, 1272.
 

 I appreciate the fact that it is now generally held that in cases involving injury resulting from active conduct, as distinguished from condition of the premises, the occupier of the land may be liable for failure to exercise ordinary care toward a licensee whose presence on the land is known or should reasonably be known by the land occupier. See 2 Restatement of Torts, 929, Section 341; Prosser on Torts, 630, Section 78;
 
 Ottinger
 
 v.
 
 Stewart,
 
 24 Cal. (2d), 133, 148 P. (2d), 19, 156 A. L. R., 1221, 1224. For instance, if children of tender age are present where certain activities are being carried on, the person responsible for such activities must take care not to injure them
 
 (Ziehm
 
 v.
 
 Vale,
 
 98 Ohio St., 306, 120 N. E., 702, 1 A. L. R., 1381;
 
 Coy, an Infant, v. Columbus, Delaware & Marion Electric Co.,
 
 125 Ohio St., 283, 181 N. E., 131); the law permits recovery under certain circumstances by children injured in public places
 
 (DeGroodt, Exrx.,
 
 v.
 
 Skrbina, Admr.,
 
 111 Ohio St., 108, 144 N. E., 601, 38 A. L. R., 591;
 
 Gottesman, Admr.,
 
 v.
 
 City of Cleveland,
 
 142 Ohio St., 410, 52 N. E. [2d], 644); and a different amount of care is required in cases where dangerous conditions are known to the occupier of the premises to which children are accustomed to resort
 
 (Harriman
 
 v.
 
 Pittsburgh, C. & St. L. Ry. Co.,
 
 45 Ohio St., 11, 12 N. E., 451, 4 Am. St. Rep., 507). But in the instant case, the alleged negligence of the defendant related to the condition of the premises, not to any activities being
 
 *47
 
 carried on by the land occupier or the defendant as a business visitor.
 

 I am of the opinion also that the defendant could not be charged with such foreseeability of the setting fire to the gasoline and the jumping into it by the plaintiff as to make out a case of negligent conduct on its part. To render the defendant liable, it must have been reasonably foreseen that someone would come upon the Solka premises, procure matches and set fire to the gasoline, and that some person would then voluntarily jump into the fire and thus receive injury. Even if it should have been within the reasonable anticipation of the defendant that someone would set the gasoline on fire, it seems to me that it is beyond the reasonable imagination of anyone that someone would voluntarily jump into the blaze of burning gasoline. It seems to me that negligence cannot be predicated upon such a remote possibility. See
 
 Dahl
 
 v.
 
 Valley Dredging Co., 125
 
 Minn., 90, 145 N. W., 796;
 
 Moody
 
 v.
 
 Gulf Refining Co.,
 
 142 Tenn., 280, 218 S. W., 817, 8 A. L. R., 1243.
 

 I am also of the opinion ■ that the spilling of the gasoline was not the proximate cause of plaintiff’s injuries. In my view, the chain of causation between the spilling of the gasoline upon the ground and the injury to the plaintiff was completely broken. The setting fire to the gasoline by Jimmy Solka was an independent act but for which the injury would not have been suffered by the plaintiff
 
 (Globe & Rutgers Fire Ins. Co. of N. Y.
 
 v.
 
 Standard Oil Co. of La.,
 
 158 La., 763, 104 So., 707, a case similar in facts to the instant case).
 

 In the
 
 Moody case,
 
 cited above, where boys, knowing the inflammable nature of gasoline, in the short absence of defendant’s employee who did not know that they had matches, threw lighted matches into pools of gasoline on the ground, occasioned by unloading a tank car, and thereby a fire was started, burning
 
 *48
 
 plaintiffs’ buildings, the Supreme Court of Tennessee held that the act of the boys was an independent, intervening cause, for which defendant was not liable, conceding its negligence in permitting the gasoline to escape.
 

 Clearly, the plaintiff’s rash act of jumping into the blazing gasoline was a complete independent act but for which he would have received no injury. Even if the defendant had negligently spilled the gasoline and had negligently set fire to it to remove it from the premises, and someone had jumped into the blazing fire and received injuries, the proximate cause of such injury would be the voluntary act of jumping into the blazing gasoline. The plaintiff could have stood about this fire indefinitely without injury. The gasoline and fire would have remained harmless to him as it did to his friend Jimmy Solka. It was only when plaintiff committed the rash act of voluntarily jumping into the fire that injury came to him. In other words, negligence in starting a fire does not establish liability for injury to one who attempts to put it out. 45 Corpus Juris, 794, Section 200;
 
 Lunt
 
 v.
 
 Post Printing & Publishing Co.,
 
 48 Colo., 316, 110 P., 203, 30 L. R. A. (N. S.), 60.
 

 The majority opinion quotes with approval certain statements of law to the effect that an intervening cause will not break the chain of causation between a negligent act and an injury
 
 if
 
 the intervening cause was set in motion by the defendant,
 
 or if
 
 the intervening cause was in reality only a condition on or through which such negligent act operated. Here, neither of the two intervening causes was set in motion by the defendant and neither was a condition on or through which defendant’s negligent act operated. On the contrary, the result of defendant’s negligence was merely a condition on or through which both of the two independent intervening causes operated, aud had to operate, to cause plaintiff’s injury.
 

 
 *49
 
 The record of the instant case was certified to this court by the judges of the Court of Appeals on the ground that its judgment was in conflict with that in the case of
 
 Rossiaki
 
 v.
 
 West Side Motors, Inc.,
 
 19 Ohio Law Abs., 191, decided by the Court of Appeals of the Second Appellate District. In that case, West Side Motors, Inc., left an old abandoned car on a vacant lot owned by another.. There was some gasoline in the uncapped tank of the car. Plaintiff was seen on the day of the accident in proximity to the tank of the automobile and was seen to light a match. Simultaneously, with the lighting of the match, the tank exploded and plaintiff was severely burned. Suit was brought against both the landowner and the motor company, which had used the land for the storage of its automobiles. At the close of plaintiff’s case the trial court directed a verdict in favor of both defendants. The judgment was affirmed by the Court of Appeals.
 

 In my opinion, a case more nearly in conflict with the instant one is
 
 Case, Admr.,
 
 v.
 
 Miami Chevrolet Co.,
 
 38 Ohio App., 41, 175 N. E., 224, decided by the Court of Appeals of the First Appellate District. In that ease, a minor 13 years of age went upon a vacant lot where the defendant had stored old dilapidated automobiles and threw a lighted match into the tank of one of the automobiles causing an explosion and fire which caused the child’s death. The petition alleged that children had been accustomed to playing on the lot where the automobiles were stored. The trial court sustained a demurrer to the petition and rendered judgment for the defendant. The Court of Appeals affirmed the judgment on the ground that the facts alleged in the petition showed no violation of a duty by the defendant to the decedent and that as a matter of law the alleged negligence of the defendant in leaving the gasoline in an uncapped tank was not the proximate cause of decedent’s death.
 

 
 *50
 
 In my opinion, the view taken by the Courts of Appeals of the First and Second Appellate Districts in the two cases just noted is the correct one, and the judgment of the Court of Appeals in the instant case is not in accord with established legal principles heretofore prevailing in this state.
 

 Tart, J., concurs in the foregoing dissenting opinion.