*253
 
 By the Court.
 

 This action was brought in the court of common pleas by the defendant in error, seeking to recover damages from Armour & Co. for wrongful death sustained by reason of a gas explosion upon the premises of the Columbus Supply Company. Elizabeth C. Ott’s decedent was an employe of that company. Armour & Co. filed a general demurrer to the petition and that demurrer was sustained by the trial court. The plaintiff in the action not desiring to plead further, judgment was rendered, dismissing the action.
 

 The Court of Appeals held that the petition was sufficient and reversed the judgment of the trial court. Whereupon error was prosecuted to this court.
 

 The sole question argued and to be determined here is whether the petition contained allegations sufficient to create a liability upon the part of Armour & Co. The petition sets forth that Armour & Co. maintained a cold storage plant abutting upon Ludlow street in the city of Columbus. On the opposite side of Ludlow street were the premises of the Columbus Supply Company, the rear abutting on that street; and it was upon those premises that the decedent met his death by reason of an explosion of gas thereon. In Ludlow street, and abutting the cold storage plant of the Armour Company, was a platform about eight feet in width, and alongside this platform was a railroad spur track used by the Armour Company for the unloading of refrigerator cars. There were also in Ludlow street, about three feet under the surface level of the ground, a ten-inch main gas line with service lines extending therefrom to the property
 
 *254
 
 contiguous to Ludlow street, one of which service lines was extended into the premises of the Columbus Supply Company. These pipes had been in the ground for a long period of years and were renewed about two years prior to the injury, and this was known to the defendant. The Armour Company was the owner of refrigerator cars, and was engaged in packing and selling meat products and delivering the same in these refrigerator cars to its above-mentioned storage plant. These cars were placed upon the spur switch alongside the platform. In either end of the cars were certain compartments, where, in order to expedite and increase cooling efficiency, ice was used and sprinkled with salt in order to procure that result. These compartments were equipped with drain pipes so arranged that when the ice melted the water with the salt in solution ran through them and dripped to the ground underneath, immediately over the gas service line leading to the premises of the supply company. It was averred that by reason of this dripping of said solution, and because of the further fact that the salt solution from the refrigerator cars was thrown on the ground near to and above the service pipe, “the chemical action of the said salt in solution coming into contact with the said gas service pipe, which was of iron construction, caused it to corrode and to become dissolved and eaten away, and holes to appear through which the gas escaped, all of which defendant in the exercise of ordinary and reasonable care would have known.”
 

 It is not alleged in the petition that the defendant knew, or in the exercise of ordinary care should
 
 *255
 
 have known, the allegations later set forth in plaintiff’s pleading. Those averments are to the effect that the gas escaping through the holes in the service line, caused by the corrosive action of the salt in the water, “entered the premises of the said Columbus Supply Company and collected in a ‘pocket’ under the floor of the basement thereof, where it was and had been for an unknown period of time, and where it existed on March 24, 1924.” The petition also alleged that the plaintiff’s intestate, in the course of his employment, was killed by an explosion of gas which had collected in the pocket underneath the premises, and alleged that the collection of gas and its explosion were not in any way traceable to the carelessness of plaintiff’s decedent.
 

 When a general demurrer challenges a petition, the test is whether, if proof be made only of the allegations pleaded, a legal liability would thereby be created as against the defendant. If material facts are omitted from the pleading, which are necessary to be proven in order to recover, the petition is subject to a general demurrer. The chief question arising in this case is whether the allegations contained in the petition sufficiently charge that the injuries to the decedent were proximately caused by the negligence of the defendant. If, construing the pleading liberally in favor of the pleader, it does not disclose that the accident resulted proximately from the carelessness of the defendant, or if the proximate cause is left in doubt, manifestly neither pleading nor proof would be sufficient under the rules of law to create a liability.
 

 There is no allegation in the petition that the
 
 *256
 
 Armour Company occupied the street either unlawfully or without right. The business of the defendant being lawful, and its employed facilities not being inherently dangerous or noxious, its business was not a nuisance
 
 per se,
 
 nor was its owner liable as an insurer.
 
 O’Day
 
 v.
 
 Shouvlin,
 
 104 Ohio St., 519, 136 N. E., 289, 25 A. L. R., 980. In order to recover, therefore, in the absence of any allegations showing willfulness or wantonness, the common-law rules of negligence apply, whereby a legal duty creating a liability should be disclosed by the petition, and the facts creating such duty alleged therein.
 
 Cleveland, C., C. & St. L. Rd. Co.
 
 v.
 
 Potter,
 
 113 Ohio St., 591, 150 N. E., 44.
 

 While it is averred- that the Armour Company knew that the service pipes had been renewed two years prior to the accident, and that in the exercise of ordinary care it would have known that the chemical action of the salt in solution, and its dripping and percolation three feet under the ground, would corrode the service pipes thereunder, there are no allegations in the petition alleging either that the defendant knew, or in the exercise of ordinary care should have known, that the percolation of the solution through the ground below the cars would penetrate underneath the street to a point on the opposite side and enter the basement of the Columbus Supply Company, or that the escaping gas at the loading platform would create a pocket or other condition on the east and opposite side of Ludlow street and cause an explosion, which, in the exercise of ordinary care, could have been foreseen or anticipated as probable to result from the method of unloading the re
 
 *257
 
 frigerator cars on the west side of that street. While the petition alleges that the accident was not traceable to any negligence on the part of plaintiff’s intestate, it is entirely silent as to the actual and immediate cause of the explosion. If only those allegations contained in the petition were sustained by proof, and no other proof were offered, both court and jury would be left in doubt as to the proximate cause of the accident.
 

 We think that the rule of law here applying is stated in the syllabus in
 
 Miller
 
 v.
 
 B. & O. S. W. Rd. Co.,
 
 78 Ohio St., 309, 85 N. E., 499, 18 L. R. A., (N. S.), 949, 125 Am. St. Rep., 699:
 

 “(1) In an action to recover damages for injuries sustained through the negligence of another, the law regards only the direct and proximate results of the negligent act, as creating a liability against the wrongdoer. (2) In contemplation of law, an injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence, is not actionable.”
 

 We are of the opinion that the petition did not allege facts sufficient to create a liability against the defendant below. The judgment of the Court of Appeals is reversed, and the judgment of the common pleas court affirmed.
 

 Judgment reversed and that of the common pleas affirmed.
 

 Marshall, C. J., Day, Kinkade, Jones and Matthias, JJ., concur.