By the Court.
 

 In their opinion the Court of Appeals say that the plaintiff was “in the exercise of a simple right when he entered the shed in question, and the party maintaining the shed owed him the same duty that it owed any other who might be lawfully present.” Since the building was erected by the defendant for the convenience of its workmen, and under the city’s permit, it was not a nuisance, but was like any other appliance which a contractor would reasonably use in the prosecution of his work. It was not negligence
 
 per se,
 
 therefore, to place the building in the center of the street during the day
 
 *442
 
 light working hours for the sole use of its working gang. Had the case been one where children of tender years had been attracted to the building and become injured in the same manner the principle of attractive nuisance might apply, and the defendant become liable, if it knew that children were accustomed to play in the vicinity of the building and that danger might result to such children from a similar use.
 
 De Groodt, Exrx.,
 
 v.
 
 Skrbina, Admr.,
 
 111 Ohio St., 108, 144 N. E., 601, 38 A. L. R., 591;
 
 Harriman
 
 v.
 
 Railway Co.,
 
 45 Ohio St., 11, 12 N. E., 451, 4 Am. St. Rep., 507.
 

 The building was not erected for the use of the public. The defendant did not know that the plaintiff was in its vicinity, consequently the plaintiff was neither an invitee nor a licensee, but a trespasser, upon the defendant’s property. But even so, had the defendant known that the plaintiff intended to use the building under circumstances where ordinary care and prudence required that he should have been warned, a common-law duty or obligation might arise whereby the defendant would be required to give him warning if the defendant had reasonable cause to believe that injury might result to the plaintiff if he were not warned. In order to recover, it was necessary for the plaintiff to prove not only that the defendant owed him a duty, but that his injuries resulted from a breach of that duty.
 

 The intervening immediate cause of the accident was plaintiff’s act in lighting the match which caused the explosion. The building was erected for the sole use of the working gang; its use by the public was not contemplated. The defendant was unaware of plaintiff’s presence in the vicinity — a situation giving rise to the liability in favor of children in the
 
 Harriman
 
 and
 
 Skrbina cases, supra.
 

 
 *443
 
 There is nothing in this record disclosing a state of facts whereby an ordinarily prudent person could reasonably have anticipated or foreseen that plaintiff would use the building for a viatic purpose, that he might ignite the gas by a lighted match, or that an injury would probably result from defendant’s own act.
 
 Armour & Co.
 
 v.
 
 Ott, Admx.,
 
 117 Ohio St., 252, 257, 158 N. E., 189. The evidence comes wholly from the plaintiff’s witnesses,. and from it we are unable to perceive any duty owing by the defendant or any breach of duty committed by it.
 

 The judgment of the Court of Appeals is reversed and that of the common pleas is affirmed.
 

 Judgment reversed; common pleas affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.
 

 Allen, J., not participating.