By the Court.
 

 It must be conceded that the child had no lawful mission upon the premises in question. Plaintiff in error claims that he was not an invited licensee, but was in a legal sense a trespasser. Defendant in error takes the position that, by reason of his tender years and the well-known tendency of children to wander at will upon the property of
 
 *371
 
 others, he was an implied licensee. We think, however, in this state the duty of the owner of the premises was no more than not to wantonly injure the child, or not to expose him to hidden dangers, traps or pitfalls, and to exercise ordinary care toward him after discovering him to be in peril.
 

 The principles of law applicable to this case have been announced by this court in the cases of
 
 Railroad Co.
 
 v.
 
 Harvey,
 
 and
 
 Swarts
 
 v.
 
 Akron Water Works Co.,
 
 77 Ohio St., 235, 83 N. E., 66, 19 L. R. A. (N. S.), 1136, 122 Am. St. Rep., 503, 11 Ann. Cas., 981, and
 
 Hannan, Admr.,
 
 v.
 
 Ehrlich,
 
 102 Ohio St., 176, 131 N. E., 504. Each of these cases involved a case of children of tender years going uninvited upon private property and sustaining injury. We feel constrained to follow the principle announced in those cases, which is above stated.
 

 Our attention has been called to the United States Supreme Court cases,
 
 Railroad Co.
 
 v.
 
 Stout,
 
 84 U. S. (17 Wall.), 657, 21 L. Ed., 745, and
 
 Union Pacific Rd. Co.
 
 v.
 
 McDonald,
 
 152 U. S., 262, 14 S. Ct., 619, 38 L. Ed., 434. While much reliance is placed thereon by defendant in error, we are not unmindful that the case of
 
 United Zinc & Chemical Co.
 
 v.
 
 Britt,
 
 258 U. S., 268, 42 S. Ct., 299, 66 L. Ed., 615, 36 A. L. R., 28, “has been regarded as greatly weakening the ‘turntable doctrine.’ ”
 

 However, the case of
 
 Railroad Co.
 
 v.
 
 Stout, supra,
 
 was under consideration by this court in
 
 Railroad Co.
 
 v.
 
 Harvey,
 
 and
 
 Hannan, Admr.,
 
 v.
 
 Ehrlich, supra.
 

 As to the case of
 
 De Groodt, Exrx.,
 
 v.
 
 Skrbina, Admr.,
 
 111 Ohio St., 108, 144 N. E., 601, 602, 38 A. L. R., 591, the injury occurred upon a public street,
 
 *372
 
 and, as said in the opinion, “does not present a situation where the instrumentality is upon private premises.” For that reason we do not regard that case as decisive or controlling in the present instance. Nor do we think the ordinance relative to openings in the street, etc., is applicable; because the elevator shaft was entirely on private property and this child had to leave the street, climb on the concrete loading platform and go inside the building before he came to the opening into which he fell.
 

 As to the owner having reason to anticipate the presence of children inside the building, where the elevator shaft was located, the record shows the managing agent testified he had been told that the janitor had chased boys away from the
 
 rear
 
 of the building; and a neighbor testified to having seen children playing in the alley around there.
 

 Admitting full proof of such facts, this does not show more than the use of the alley, and does not show the presence of children
 
 inside
 
 the building or
 
 on the premises
 
 of the owner; nor does the proof show any “dangerous active operations” carried on which might have attracted children from the alley, but at most only the existence of a “visibly dangerous statical condition.”
 

 Attention should be called to the distinction between the statical condition of premises and the condition of premises made perilous by the active and negligent operation by the owner. This distinction is clearly pointed out by Jones, J., in the case of
 
 Ziehm
 
 v.
 
 Vale,
 
 98 Ohio St., 306, 120 N. E., 702, 1 A. L. R., 1381, the second paragraph of the syllabus in that case reciting:
 

 “The principle of nonliability applied in the
 
 Ear
 
 
 *373
 

 vey case, supra,
 
 does not apply where the statical condition of the premises is made perilous by the active and negligent operation thereof by the owner.”
 

 In the case at bar, there was simply the statical condition of the elevator pit into which the child fell; there was no active operation of any kind by the owner.
 

 Until the case of
 
 Hannan, Admr.,
 
 v.
 
 Ehrlich, supra,
 
 is reversed or modified, we are required to follow the rule therein announced.
 

 We recognize that the trial court, in passing upon the motion for a directed verdict at the close of the plaintiff’s testimony, was required to apply the rule that all the evidence introduced in the case should be considered in the most favorable light to the plaintiff, and that whatever the evidence tended to prove must be taken as fully proved. Nevertheless, there being no question of the discovery of the child in a perilous position, and the danger to which he was exposed not being within the class of hidden dangers, pitfalls or obstructions, but there being simply a static condition which was open and apparent to the child or any one else upon the premises at the time and place in question, we are of opinion that the court of common pleas was right in directing a verdict, and the judgment of the Court of Appeals must be reversed and that of the common pleas affirmed.-
 

 Judgment of the Court of Appeals reversed and that of the common pleas affirmed.
 

 Kinkade, Robinson, Jones, Day and Allen, JJ., concur.
 

 Marshall, C. J., and Matthias, J., not participating.