CASE, ADMR., *v.* MIAMI CHEVROLET CO.

(Decided November 12, 1930.)

*Messrs. Britton & Britton,* for plaintiff in error.
*Messrs. Murphy & Murphy,* for defendant in error.

Ross, J. This case comes into this court on error from the court of common pleas of Clermont county, Ohio, wherein judgment was rendered in favor of the defendant, the Miami Chevrolet Company, upon a demurrer to the petition.

The allegations of the petition are that the plaintiff is the duly qualified administrator of the decedent, a minor thirteen years of age, who was a resident of the county of Clermont, and that the defend-

ant, the Miami Chevrolet Company, maintained a place of business in Milford in said county; "that on the 21st day of September, 1929, and for a long time prior to that date, the defendant owned and maintained a vacant lot adjacent to its place of business in Milford, Clermont county, Ohio, which vacant lot was uninclosed and was used and maintained by defendant for the purpose of placing thereon old and dilapidated parts of automobiles, which were discarded and useless; that such vacant lot was on and before said date used by the children who resided near thereto as a playground, where children frequently congregated and assembled together and spent their pastime; that there is also a path across said vacant lot, and was on above date and for a long time before, which path was used by the defendant's agent and employees, and by the public and children, in making a short cut from one street to another in said village.

"Plaintiff further says that on above date, and before, defendant had full knowledge of the fact that said vacant lot was used by the small children of that community as a playground, and that children of tender years frequently gathered together to play thereon; that it also had full knowledge that the public used said path across said lot for travel at and before said time, and, having said knowledge as aforesaid, the defendant without interference or objection consented to and permitted children of tender years to use and occupy said lot as a playground, and to pass over the same from time to time, and that on the 21st day of September, 1929, and for a long time prior to that date, there was standing on said vacant lot several old cast-off and unused

automobiles, which had not been used for several years, one of which automobiles was then standing near the path aforesaid, the tank on said automobile being about half filled with gasoline, and there being no cap on and over the intake of said tank, and said gasoline being exposed to persons passing on and over the aforesaid path, and that said defendant having full knowledge of, or with reasonable care and prudence ought to have had knowledge of, the existence and dangerous condition of said automobile, and that the tank thereon was so exposed and partly filled with gasoline, then and there carelessly, negligently and unlawfully, and without any regard for children and others that were around and about said automobile almost daily, permitted and caused said automobile to be and remain in such dangerous condition at said time and place, and on the 21st day of September, 1929, the plaintiff's decedent, Paul Case, an infant thirteen years of age, while lawfully passing by said automobile, as aforesaid, on and over the path aforesaid, and believing that there was water in the tank of said automobile, threw a lighted match into said tank, thereby causing the gasoline therein to explode, throwing fire and gasoline on and over the body of said decedent and so severely burning and injuring him that he died on the morning of the following day, which injuries and death were directly caused by the unlawful, negligent, and careless manner in which the defendant kept and permitted said automobile and gasoline therein to be and remain in the unsafe and dangerous condition as above set out, and was not caused by the fault or neglect of said decedent, he being an infant of tender years, and in good health.''

Nowhere in the petition is it alleged that the decedent was aware of the alleged invitation tendered the children in the neighborhood, or that he was induced by any act of the defendant to avail himself of any such license, or that he had seen children using the premises, or that he was other than a total stranger thereto.

However, treating him as a member of the neighborhood group, the facts alleged show no violation of a duty by the defendant to the decedent. The law is pronounced in the syllabus of *Hannan, Admr.,* v. *Ehrlich,* 102 Ohio St., 176, 131 N. E., 504, as follows:

"1. In a petition claiming damages for negligence an allegation that a sand bank is operated upon a portion of defendant's premises and that the children of the neighborhood were accustomed to use said premises for the purposes of a playground and that defendant 'permitted, allowed and acquiesced' in such use, will not be construed as an invitation either express or implied.

"2. The words 'permitted, allowed and acquiesced' imply no inducement, allurement or enticement, and should be construed as creating the relation of licensor and licensee.

"3. Actionable negligence exists only where the one whose act causes or occasions the injury owes to the injured person a duty created either by contract or by operation of law, which he has failed to discharge.

"4. A licensee takes his license subject to its attendant perils and risks, and the licensor owes him no duty except to refrain from wantonly or wilfully injuring him and to exercise ordinary care

after discovering him to be in peril; he should not be exposed to hidden dangers, pitfalls or obstructions.

"5. The foregoing rule is not altered by the fact that the injured person is a child of tender years.

"6. Greater care and caution should be exercised to prevent injuries to children upon premises where dangerous active operations are carried on than upon premises containing a visibly dangerous statical condition."

This case is followed in *Sharp Realty Co.* v. *Forsha, Jr.*, 122 Ohio St., 368, 171 N. E., 598.

The agency in this case was statical; there was no active operation of any kind by the owner. It required a trespass by the decedent, additional to his mere presence in the lot, to set the agency in motion against him. Even if he had the rights of a licensee in the lot of defendant, no permission or inducement is alleged affecting the old automobile.

In *Sharp Realty Co.* v. *Forsha, supra,* at page 373 of the opinion (171 N. E., 598, 600), the court said:

"In the case at bar, there was simply the statical condition of the elevator pit into which the child fell; there was no active operation of any kind by the owner.

"Until the case of *Hannan, Admr.,* v. *Ehrlich, supra,* is reversed or modified, we are required to follow the rule therein announced."

There is another way of viewing the case which seems to us conclusive, even if what has been said would not alone justify the judgment below. The question of proximate cause is ordinarily for the jury, but where no facts are alleged justifying any reasonable inference that the acts or failure of the defendant constitute the proximate cause of the in-

jury there is nothing for the jury, and, as a matter of law, judgment must be given for the defendant.

In the case at bar the manifest proximate cause of the decedent's disaster was dropping a lighted match in the tank of gasoline. The child could have played about this car indefinitely without injury; the gasoline would have remained harmless in the tank; it was only when the child committed an act of rashness which no reasonable person could anticipate, and which was wholly unwarranted by even the furthest limit of any license he may have possessed, that calamity came upon him.

The demurrer was properly sustained, and the judgment of the court of common pleas of Clermont county is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and HAMILTON, J., concur.