Taft, J.
Plaintiff’s case is based upon the contention that defendants were negligent either in leaving the gasoline pump unlocked or improperly locked or in failing to drain all the gasoline from its hose.
The undisputed evidence discloses that plaintiff’s mother and father occupied the premises owned by his mother as the home of themselves and their children; that plaintiff’s father made his living for the family from the partnership business of the defendants; that the gasoline tank with its pump was placed on the property by plaintiff’s father several weeks before plaintiff was injured; that it was thereafter used there in the conduct of the partnership business at least with the acquiescence of plaintiff’s mother; and that plaintiff was Avarned by both his father and mother to stay away from this tank and knew that he was not .supposed to play around it.
Even without such a warning, if plaintiff had strayed from his home premises onto the premises of a neighbor where such a gasoline pump had been maintained, he could not have recovered from the neighbor *243 for negligence, such as that claimed to have been involved in the instant case, in the maintenance of such a gasoline pnmp by the neighbor on his own premises. Soles, Admr., v. Ohio Edison Co., 144 Ohio St., 373, 59 N. E. (2d), 138; Pittsburgh, Ft. Wayne & Chicago Ry. Co. v. Bingham, Admx., 29 Ohio St., 364, 23 Am. Rep., 751. In such a case, the infancy of a child is not a factor, under the decisions of this court, in cohferring upon the child any greater rights than those of a trespasser. Railroad Co. v. Harvey, 77 Ohio St., 235, 83 N. E., 66, 122 Am. St. Rep., 503, 19 L. R. A. (N. S.), 1136; Hannan, Admr., v. Ehrlich, 102 Ohio St., 176, 131 N. E., 504; Sharp Realty Co. v. Forsha, Jr., a Minor, 122 Ohio St., 368, 171 N. E., 598. Although the law, as long established in this state by those decisions, may seem to be harsh, there has been no legislative change therein. Under the undisputed evidence in the instant case, plaintiff, in tampering with this gasoline tank and pump, would be in the same position as a trespasser. There can be no contention in the instant case, as in Mudrich, a Minor, v. Standard Oil Co., 153 Ohio St., 31, 90 N. E. (2d), 859, that anything which defendants did on the premises of plaintiff’s mother, which they occupied with her acquiescence for the purpose of .making a living for her family, was outside and beyond the scope of the business purpose for which defendants were using such premises.
If we assume, as plaintiff contends, that plaintiff was not a trespasser because the gasoline pump was located on his home premises, let us consider what rights another child would have had against defendants if such other child had been invited by plaintiff or plaintiff’s parents to enjoy their hospitality. The duty of the occupier of the premises with respect to such a social guest are set forth in paragraph three of the syllabus in Scheibel v. Lipton, 156 Ohio St., 308, 102 N. E. (2d), 453. It is apparent that the occupiers *244 of the premises would have fully discharged their duty to such a child guest by warning him as plaintiff’s father and mother had warned the plaintiff. That defendants should be treated as occupiers of the premises on the facts of this case is apparent from paragraph two of the syllabus in Soles, Admr., v. Ohio Edison Co., supra.
We see no reason for recognizing plaintiff as having greater rights with respect to recovery from his father than he would have had if he had sought to recover from some other party who, under similar circumstances, did or failed to do just what his father is claimed to have done or failed to do. Certainly, a parent is not subject to a more extensive liability in a personal-tort action merely because the plaintiff is his unemancipated minor child instead of someone else’s child. All the cases cited in the previous decision by this court in this cause, in which a child was suing his parent, involved instances where the child only sought to be placed in the same position with respect to liability of his parent as he would have been if he had been suing someone other than his parent.
In our opinion the motion for a directed verdict should have been granted. The judgment of reversal of the Court of Appeals is therefore modified and final judgment is rendered for defendants.

Judgment modified and final judgment for defendants.

Weygandt, C. J., Middleton, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.