KEMERER, Exr., Appellant,

v.

ANTWERP BOARD OF EDUCATION, et al., Appellees.

[Cite as *Kemerer v. Antwerp Bd. of Edn.* (1995), 105 Ohio App.3d 792.]

Court of Appeals of Ohio,
Third District, Paulding County.

No. 11–95–4.

Decided Aug. 21, 1995.

*Robert P. Sweeney,* for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt, William H. Jones* and *John C. Albert,* for appellees.

HADLEY, Judge.

Plaintiff–appellant,[1] Elaine Kemerer, individually and as executor of Gary Kemerer's estate ("appellant"), claims error from the judgment entry of the Paulding County Court of Common Pleas which granted summary judgment to defendants-appellees, Antwerp Board of Education and Antwerp Local School District ("appellees").

This case involves a series of unfortunate events involving appellant's decedent, Gary Kemerer ("decedent"). In May 1988, decedent developed pneumonia and subsequently underwent lung surgery, and a biopsy was performed on the removed tissue. At that time, no cancer cells were found. Decedent was seen by Dr. Rasp on August 12, 1988 for a postoperative follow-up. Dr. Rasp was "quite pleased" with decedent's progress at that point. Dr. Rasp informed decedent on

---

1. Appellant refers to herself as "appellants"; however, the second amended complaint indicates that the only plaintiff in this suit is Elaine Kemerer, filing suit individually and as the executrix of Gary Kemerer's Estate. Therefore, reference will only be made to "appellant."

August 12, 1988 that he wanted decedent to return for another follow-up appointment in six months. Decedent did not make the six month follow-up appointment at that time.

On September 8, 1988, decedent fell and injured his ankle at the Antwerp School gymnasium. Decedent was hospitalized several times between the date of his fall and March 1989. Most notable to this appeal is the fact that decedent was hospitalized at the Indiana University Hospital from December 12, 1988 through February 9, 1989. According to decedent's testimony, during this time, he was given a "clean bill of health." Upon his release on February 9 and prior to his next hospitalization (February 26 until March 3, 1989), decedent was able to go for rides in the car and attended a high school basketball game.

In October 1989, decedent's right leg was amputated below the knee.

It is undisputed that decedent never contacted Dr. Rasp in February 1988, or thereafter, for a follow-up appointment until decedent began have breathing difficulties and then scheduled an appointment with Dr. Rasp in January 1991.

The result of decedent's January 1991 appointment with Dr. Rasp was the conclusion that decedent had lung cancer in his right lung and that the tumor had metastasized and could not be resected and cured. On April 7, 1992, decedent died.

Pursuant to appellant's second amended complaint, appellant brought a wrongful death action premised upon the alleged negligence of appellees in the setup of the area in which decedent was to be videotaping on September 8, 1988. This negligence, appellant alleges, caused injuries to decedent which prevented him from the follow-up care of Dr. Rasp. Appellant argues that therefore, the failure to see Dr. Rasp prevented detection of decedent's cancer at the appropriate time.

On June 17, 1991, appellees filed their first motion for summary judgment, raising issues of sovereign immunity and the absence of negligence on their part in the injuries to decedent. On July 11, 1991, the trial court overruled this motion.

On February 1, 1993, appellees filed their second motion for summary judgment, again addressing the issue of negligence. On the same date, appellees also requested the trial court to reconsider its ruling on their first motion for summary judgment regarding the issue of sovereign immunity. After a response to these motions by appellant, the trial court, on April 19, 1993, granted summary judgment to appellees on the issue of negligence and also concluded that appellees were entitled to immunity from suit by appellant.

Appellant attempted to appeal from this decision to this court, but we denied it as being interlocutory, as an outstanding cause of action remained viable in appellant's complaint. *Kemerer v. Antwerp Bd. of Edn.* (Jan. 12, 1994), Paulding

App. No. 11–93–3, unreported, 1994 WL 6008. The Ohio Supreme Court declined to hear appellant's appeal. *Kemerer v. Antwerp Bd. of Edn.* (1994), 69 Ohio St.3d 1478, 634 N.E.2d 1024.

On March 27, 1995, appellant moved to amend her second amended complaint to withdraw allegations supporting her remaining cause of action. The trial court granted this motion. Appellant then timely filed the instant appeal asserting three assignments of error.

Assignment of Error No. One

"It was error for the trial judge to determine as a matter of law that Gary Kemerer's death from lung cancer was too remotely related to the alleged negligence of the appellees to warrant a finding that such negligence was a proximate cause of his death."

In making a determination whether the trial court properly granted summary judgment on the issue of negligence, and, in particular, the nonexistence of proximate cause between appellees and decedent's death, we follow the same standard as the trial court, as enunciated in Civ.R. 56(C). *Syler v. Signode Corp.* (1992), 76 Ohio App.3d 250, 601 N.E.2d 225. Civ.R. 56(C) states:

"Summary judgment shall be rendered forthwith if the * * * [authorized evidence demonstrates] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Having set forth our standard of review, we provide the necessary legal framework for review of this assignment of error.

■ Appellant's complaint is premised upon the alleged negligence of appellees. To state a claim for actionable negligence, one must demonstrate a duty, "a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270.

Specifically, appellant's first assignment of error focuses on the trial court's conclusion that the death of decedent was the proximate result of decedent's fall on September 8, 1988 in appellees' gymnasium. The trial court found that the connection between decedent's fall, his failure to see Dr. Rasp in February 1989, and his resulting death was too remote for a jury to find appellees liable.

Not only does appellant argue that appellees' action directly and proximately set off a chain of events which deprived decedent of proper medical treatment

which would have saved his life, appellant also argues that the issue of whether proximate cause exists is for the trier of fact.

█ Foremost, we address appellant's contention that only the trier of fact could determine whether appellees' action was the proximate cause of decedent's death. While we agree that, when the facts surrounding the issue of proximate cause are disputed or convoluted, the issue of proximate cause is best left for the trier of fact, we also agree with the Clermont County Court of Appeals, which stated:

"[W]here no facts are alleged justifying any reasonable inference that the acts or failure of the defendant constitute the proximate cause of the injury there is nothing for the jury, and, as a matter of law, judgment must be given for the defendant." *Case v. Miami Chevrolet Co.* (1930), 38 Ohio App. 41, 45–46, 175 N.E. 224, 225–226.

█ Turning to appellant's other argument in this assignment, that the trial court erred in finding that appellees' action was too remote to cause decedent's death, we find it helpful to review some guideline definitions of "proximate" cause and "remote" cause in the context of negligence actions. The Ohio Supreme Court, in *Piqua v. Morris* (1918), 98 Ohio St. 42, 120 N.E. 300, defined proximate cause in paragraph one of the syllabus:

"The proximate cause of a result is that which in a natural and continued sequence contributes to produce the result, without which it would not have happened. The fact that some other cause concurred with the negligence of a defendant in producing an injury, does not relieve him from liability unless it is shown such other cause would have produced the injury independently of defendant's negligence."

In *Armour & Co. v. Ott* (1927), 117 Ohio St. 252, 257, 158 N.E. 189, 191, the Ohio Supreme Court approved of the following definition for remote cause: " * * * an injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence * * *."

No liability can result to a party, "[e]ven if negligence of a party is a cause of injury to another," if the cause is a remote one. *Tanzi v. N.Y. Cent. Rd. Co.* (1951), 155 Ohio St. 149, 159, 44 O.O. 140, 144–145, 98 N.E.2d 39, 44.

Based upon the undisputed facts presented in this case, we must agree with the trial court's conclusion that appellees' action, if any, was not the direct and proximate cause of decedent's death. Decedent's death was not the natural and continued result from the injury decedent incurred in appellees' gymnasium. In other words, it does not naturally follow that if decedent was injured in appellees' gymnasium, the injury would result in the failure to make a follow-up appointment with Dr. Rasp in February 1989, most notably at a time when decedent was

not hospitalized. In fact, in February 1989, there is no indication in the record that decedent was prevented from making the follow-up appointment as a result of the September 8, 1988 incident. Therefore, the September 8, 1988 incident is too remote a cause, as a matter of law, to impose liability upon appellees for decedent's eventual death.

Appellant's first assignment of error is overruled.

Assignment of Error No. Two

"Sovereign immunity does not shield the appellees from liability in the instant case, because their negligence did not involve matters of a discretionary character, for which immunity would be provided pursuant to ORC section 2744.03(A)(5)."

Assignment of Error No. Three

"The Ohio Political Subdivision Tort Liability Act, R.C. Chapter 2744 et seq., and specifically R.C. section 2744.03(A)(3) and (5) thereof, violate Section 16, Article I of the Ohio Constitution, and are therefore unenforceable."

These assignments of error are rendered moot by our conclusion on the first assignment of error, and therefore, we need not address them. App.R. 12(A)(1)(c).

Appellant's second and third assignments of error are overruled.

The judgment of the Paulding County Court of Common Pleas is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.