OPINION
James Nordyke, in his individual capacity and as administrator of the estate of Casey Nordyke; Kyla Nordyke; and Carson Orians, a minor, through his mother, Kyla Nordyke ("Appellants"), bring this appeal from a grant of summary judgment issued by the Court of Common Pleas of Wyandot County on a complaint for wrongful death. Finding none of Appellants' arguments meritorious, we affirm the judgment of the trial court.
The underlying facts of this case are generally not in dispute. On the afternoon of July 31, 1997, eight-year-old Casey Nordyke and his friend, Skylar Donahue, were playing in Casey's backyard on West Spring Street in Upper Sandusky, Ohio. After a time, the boys decided to ride their bikes a short distance to a nearby parking lot. As the boys began their ride on the sidewalk, a semi tractor-trailer truck operated by Nancy Deering was stopped at a red light. Deering was intending to turn right onto Spring Street, which was also designated as State Route 53, in order to eventually reach her Columbus destination. Deering was apparently unaware that she had missed a turn-off for U.S. routes 23 and 30, and that she was no longer traveling toward Columbus at that time.
Deering noticed the two youngsters from her passenger side window as she approached the traffic light. When the light turned green, Deering began to make the turn. Although she could see Casey and Skylar traveling westbound on the sidewalk up until that point, Deering lost sight of them as the tractor turned the corner since the passenger side view became obscured by the forty-eight foot trailer. Once the trailer straightened out of the turn, Deering observed only one of the boys from the passenger window. Not feeling cause for concern, Deering continued to travel westbound on Route 53.
After Deering completed her turn onto Spring Street, Casey was riding his bike in front of Skylar when Skylar inadvertently caused his front tire to collide with Casey's back tire. As a result of the collision with the other bicycle, Casey lost control of his bike. Although he attempted to stop, the bike left the sidewalk, crossing over the uneven ground in the area between the sidewalk and the street, referred to by the parties as the "tree lawn." Casey then entered the street where he hit the side of the trailer and slid under the rear wheels of Deering's semi. The child suffered fatal injuries and died instantly.
Passersby caught up with Deering approximately three miles down the road, and she was escorted by police back to the scene. She spoke with investigators and voluntarily submitted a blood sample to test for the presence of drugs and/or alcohol. Finding no criminal wrongdoing, the authorities did not issue a citation for the accident.
These tragic events resulted in Appellants filing a wrongful death action on April 8, 1998. The parties named as defendants were Nancy Deering; Scott Schuster, the owner of the semi, and Martin Bird Enterprises, Inc., doing business as Total Express, the trucking company leasing the vehicle from Schuster ("Appellees"). The complaint specifically alleged, inter alia, that Nancy Deering was negligent by failing to maintain a proper lookout for the children. Additionally, Appellants claimed that the owner of the truck negligently entrusted the vehicle to Deering, and that the trucking company failed to properly train Deering before allowing her to operate the semi on the road. Appellees answered the complaint denying all claims.
Following the completion of discovery, Appellees filed a joint motion for summary judgment, asserting that they were entitled to judgment as a matter of law on the issues raised in the complaint. The trial court entered judgment on March 15, 2000 granting summary judgment in favor of Appellees. This appeal followed wherein Appellants assert the following as their first assignment of error:
 The trial court erred in granting summary judgment in favor of Appellee Nancy Deering since the negligence of Nancy Deering is an issue of fact.
An appellate court reviews the grant of summary judgment independently and without regard to the trial court's findings.Prest v. Delta Delta Delta Sorority (1996), 115 Ohio App.3d 712,715, 686 N.E.2d 293. Summary judgment is appropriate only where no genuine issue of fact exists and the movant is entitled to judgment as a matter of law. Civ.R. 56(C). After considering the evidence most strongly in favor of the nonmoving party, it must appear that reasonable minds can reach just one conclusion, and that conclusion is adverse to the party opposing summary judgment. See Id.; Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
To establish a viable claim for negligence, the plaintiff is required to demonstrate the existence of a duty of care on the part of the defendant, a breach of that duty, and that the breach proximately caused injury to the plaintiff. See Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142, 539 N.E.2d. It logically follows then that in the absence of a duty, no actionable negligence arises. Id. The question of whether a duty exists in a particular situation is a matter of law to be decided by the court. Mussivand v. David (1989), 45 Ohio St.3d 314, 318,544 N.E.2d 265.
With regard to the duty that Nancy Deering owed to Casey Nordyke, we refer to our recent opinion announced in Franks v.Venturella (June 28, 2000), Allen App. No. 1-2000-06, unreported, which also involved a wrongful death suit based upon an automobile/bicycle accident. In determining the duty a driver owes to a child, we stated:
 The degree of care required by a motorist is controlled by and depends on the place, circumstances, surroundings and conditions. * * * In cases where the driver of a motor vehicle knows of the presence of children in, near, or adjacent to the street or highway, or should know that children may reasonably be expected to be in the vicinity, the driver is under a heightened duty to exercise ordinary care for the safety of the child or children. * * *
 Franks at *4, quoting Rayoum v. Adams (July 24, 1998), Lucas App. No. L-97-1370, unreported. Notwithstanding this general rule, we qualified the heightened duty of care as "proportional to the child's age and experience and his inability to foresee and avoid perils * * *." Franks at *5. Since the evidence in this case unequivocally demonstrates that Nancy Deering was aware that young children were present on the sidewalk at the time that she stopped for the red light, there is no doubt that she was subject to this heightened duty of care when operating her tractor-trailer truck.
The question then becomes whether a factual issue exists regarding Nancy Deering's alleged breach of that duty. Appellants first maintain that Deering breached her duty of care to Casey by failing to maintain a proper lookout.
As we previously explained, Franks, supra, involved an automobile/bicycle accident. The circumstances of that case were such that as the driver was operating her car in a residential neighborhood, she diverted her attention from the road just prior to reaching an intersection. As she turned to face the road again, the driver first noticed that twelve-year-old James Franks had ridden his bicycle directly in the path of her car. Although the driver immediately applied the brakes, she was unable to stop. James Franks died after colliding with the car and being thrown from his bicycle.
In reviewing the propriety of the decision to grant summary in favor of the driver, we reversed the judgment of the trial court because we could not say, as a matter of law, that the driver was relieved of liability. Although the record established that the driver was aware that she was traveling through a residential neighborhood where children were often present, the evidence indicated that Appellant deliberately took her eyes off the road prior to the collision. As a result, we concluded that "[i]t is eminently a question of fact in this case whether [the driver] breached the heightened duty of care she was required to exercise by failing to prudently manage and control her automobile, and look out for children in the vicinity." Franks at *5.
The present case is distinguishable. Unlike the evidence inFranks, the record herein in no way suggests that Nancy Deering purposely diverted her attention from the boys. Deering lost sight of the children only when, in the process of making a lawful right-hand turn well within the permissible speed limit, the passenger side view became unavoidably obstructed by the forty-eight foot long trailer.
Appellants urge this Court to hold that the heightened duty of care required Deering to stop in the midst of the turn, and possibly even exit the vehicle, in order to ascertain the whereabouts of the children before continuing on. Despite the tragedy of Casey Nordyke's death, this heightened standard of care does not require an attentive motorist who prudently manages and controls her vehicle at all times to go to such lengths as to ignore customary traffic rules, and perhaps even the safety of other motorists, in order to keep perpetual guard over children on the sidewalk when it is clearly unrealistic to do so. This is especially true when, as in this case, there is no sign that the children may dart out into traffic. Thus, we do not believe that this case presents an issue of fact with regard to Nancy Deering's vigilance while operating the semi.
Appellants also assert that there is an issue of fact as to whether Nancy Deering breached a duty of care by becoming distracted on the road due to the fact that she was lost, and by failing to plot her course better. These assertions are not supported by the record and therefore have no merit.
Nonetheless, even if we were to assume, merely for the sake of argument, that Nancy Deering did violate a duty of care owed to Casey, we would still affirm the trial court's grant of summary judgment. In addition to a duty on the part of the defendant and a breach of that duty, a plaintiff must also demonstrate proximate causation in order to establish a successful negligence claim.Mussivand v. David (1989), 45 Ohio St.3d 314, 318,544 N.E.2d 265. The term proximate cause has been defined by the Supreme Court of Ohio:
 The proximate cause of a result is that which in a natural and continued sequence contributes to produce the result, without which it would not have happened. * * *
 Piqua v. Morris (1918), 98 Ohio St. 42, 120 N.E. 300, paragraph one of the syllabus; Kemerer v. Antwerp Bd. of Edn. (1995), 105 Ohio App.3d 792, 796, 664 N.E.2d 1380.
In the present case, Skylar Donohue stated in his deposition that Casey lost control of the bike, ultimately sliding under the wheels of the semi, when his back tire was struck by Skylar's front tire. There is no indication that the operation of the truck contributed to Casey leaving the sidewalk and striking the rear section of the semi-trailer. Although Appellants seem to argue that the accident would not have occurred but for Nancy Deering's mistake in missing the junction for U.S. routes 23 and 30, we do not believe that this rises to the level of proximate causation. A fatal accident is not a natural consequence of erroneously driving off course.
Deering's operation of the semi, even if negligent, was a remote cause of the accident. Contrary to proximate cause, a remote cause produces " * * * an injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence." Kemerer, supra, 105 Ohio App.3d at 796, quoting Armour Co. v. Ott (1927), 117 Ohio St. 252, 257,158 N.E. 189. No liability exists if the cause of injury is remote.Kemerer, 105 Ohio App.3d at 796. Again, we consider the events giving rise to this lawsuit to be unforeseeable and not reasonably anticipated by Nancy Deering.
Based upon the foregoing, we find that the trial court correctly granted summary judgment herein since there is no genuine issue of material fact with regard to the liability of Nancy Deering. Appellants' first assignment of error is overruled.
Appellants assert the following as their second assignment of error:
 The trial court erred in granting summary judgment in favor of Appellees Scott Schuster and Total Express since their negligence is an issue of fact and their liability for the negligence of Appellee Nancy Deering rests upon a determination of an issue of fact.
Appellants argue that the owner of the truck and the trucking company are liable for the death of Casey Nordyke for three primary reasons. Appellants first claim that these parties were negligent in their training of Nancy Deering. Appellants next argue that that Scott Schuster is liable under the theory of respondeat superior, and that Total Express is liable based upon its status as a common carrier. All three assertions essentially depend upon whether Nancy Deering was negligent in her operation of the vehicle. Since we have already concluded that Deering did not operate the semi in a negligent manner, Appellants' second assignment of error is overruled.
Having found no error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 ______________________________ WALTERS, J.
SHAW and BRYANT, JJ., concur.